IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OTTAWA BANCSHARES, INC.,

    Plaintiff,

    v.

GREAT AMERICAN SECURITY
INSURANCE COMPANY,

    Defendant.

Case No. 23-2444-JAR

**MEMORANDUM AND ORDER**

Plaintiff Ottawa Bancshares, Inc. ("Ottawa") brings this action challenging Defendant Great American Security Insurance Company ("Great American")'s denial of coverage for untimely notice under a claims-made Directors and Officers ("D & O") liability policy. Great American has now filed a Motion to Stay Proceedings Pending Outcome of Underlying Lawsuit (Doc. 60). The motion is fully briefed. For the reasons explained below, the Court denies the motion to stay.

**I. Background**

Ottawa holds a claims-made D & O liability policy with Great American. A third party, Methods Research, Inc., sued Ottawa alleging various claims,[1] and Great American denied coverage because Ottawa failed to give timely notice of the claims against it.[2] Ottawa then brought this action against Great American for breach of contract and declaratory judgment.[3] It

---

[1] *See Methods Research, Inc. v. Ottawa Bancshares, Inc.*, No. 23-2136 (D. Kan. filed Mar. 24, 2023).

[2] Great American has also raised other reasons for denying coverage. *See* Doc. 47 at 8–9.

[3] Ottawa also brought a claim for attorney's fees for a bad-faith denial of coverage under K.S.A. § 40-256. The Court granted summary judgment for Great American on that claim. Doc. 55 at 29.

sought a declaration that the policy required Great American to cover Ottawa's defense costs and to indemnify Ottawa from liability in the underlying suit.

Great American moved for summary judgment, which the Court granted in part. In relevant part, the Court granted summary judgment for Great American on Ottawa's claims that sought recovery beyond payment of defense costs (that is, claims for indemnification) and on Ottawa's claim for defense costs incurred before Ottawa tendered notice to Great American, so-called "pre-tender defense costs." That order therefore left for trial one claim: Ottawa's claim for post-tender defense costs. As for Great American's defense of untimely notice, the Court granted summary judgment for Great American on one issue of that defense: that Ottawa gave untimely notice. But, after concluding that the notice-prejudice rule requires Great American to show prejudice from the untimely notice, the Court left for trial the issue whether the untimely notice prejudiced Great American. The Court's summary-judgment order thus whittled away much of the suit. Then the Court set this case for trial on September 15, 2025,[4] and several days later, Great American moved to stay the case.

## II. Discussion

Great American moves for a stay under the Court's inherent authority to control its docket. "The power to stay proceedings is incidental to the Court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"[5] Courts have discretion in deciding whether to grant a motion to stay proceedings.[6] "When exercising its discretion to stay proceedings, the trial court must weigh

---

[4] Doc. 59.

[5] *Klaver Constr. Co. v. Kan. Dep't of Transp.*, No. 99-2510, 2001 WL 1000679, at *2 (D. Kan. Aug. 23, 2001) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[6] *See id.* (citations omitted).

competing interests."[7] But a stay of litigation is an exceptional remedy and must be kept within the "bounds of moderation."[8] So "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."[9]

The Court concludes that this case is not one of those rare circumstances that warrants a stay. Great American grounds its request for a stay in the convenience and efficiency it would bring the parties; in Great American's telling, a stay would save everyone the hassle of an unnecessary separate trial on Ottawa's claim for indemnification. Great American first observes that the summary-judgment order did not finally resolve Ottawa's claim for post-tender defense costs. As explained above, Ottawa's claim for post-tender defense costs survived summary judgment, and an issue remains for trial on Great American's untimely-notice defense—that is, whether the untimely notice prejudiced Great American. Great American points out, however, that even if a trial resolves the claim for post-tender defense costs, another claim looms: Ottawa's claim for indemnification from liability in the underlying lawsuit. And as the Court found in its summary-judgment order, that issue cannot be determined until Ottawa's underlying liability has been finally determined in the underlying lawsuit.[10]

So Great American makes a pitch: the Court should stay this case until the underlying case concludes and renders a final determination of Ottawa's liability. And then, in one trial, the Court can resolve both the current issue of Great American's duty to pay defense costs *and* the

---

[7] *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, No. 12-1215, 2015 WL 790129, at *1 (D. Kan. Feb. 25, 2015) (citing *Landis*, 299 U.S. at 254–55).

[8] *Landis*, 299 U.S. at 256.

[9] *Id.* at 255.

[10] Doc. 55 at 10–13 (finding that the policy's no-action clause bars Ottawa's claims for recovery other than defense costs).

future issue of Great American's duty to indemnify Ottawa from liability in the underlying case. Great American explains that the stay would conserve the Court's and the parties' resources. That is true—but only if the underlying litigation finds Ottawa liable; in that scenario, the issue of whether Great American must indemnify Ottawa could be ripe. But it would conserve no resources if the underlying litigation does not impose liability on Ottawa. Instead, all the stay will have accomplished is delaying determination of the issue that actually is ripe—Great American's obligation to pay Ottawa's defense costs. And aside from causing needless delay, there is a more fundamental issue here: the primary justification for a stay is absent. As *Landis* explained, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another *settles the rule of law that will define the rights of both*."[11] But the underlying case here will not settle any issues that will define Ottawa's and Great American's rights in this case. That is because Great American successfully obtained summary judgment on all claims except those for defense costs; the only remaining claim in this litigation is for defense costs, not for indemnification. So granting a stay would offer only speculative, if not totally illusory, benefits.

A stay would also come at a price to Ottawa. If the Court stayed this litigation, Ottawa would continue to incur defense costs from defending the underlying suit, and those defense costs could go unreimbursed while this litigation is paused, or at the very least, Ottawa would remain uncertain whether Great American would or would not be obligated to reimburse those costs. In responding to that argument, Great American misunderstands a stay's potential prejudice to Ottawa. It explains that the policy does not impose on Great American a duty to defend, so that whatever the outcome of this litigation, Ottawa will still incur defense costs. But

---

[11] *Landis*, 299 U.S. at 255 (emphasis added).

the Court understands Ottawa to argue that Great American has a duty to pay Ottawa's defense costs, not a duty to defend against the litigation.[12] And a stay would deprive Ottawa of a determination of Great American's defense-costs duty. Staying this case would, therefore, offer only illusory benefits and prejudice Ottawa. Great American has failed to shoulder its burden to show that this case warrants the exceptional remedy of a stay.

**IT IS THEREFORE ORDERED BY THE COURT** that Great American's Motion to Stay Proceedings Pending Outcome of Underlying Lawsuit (Doc. 60) is **denied**.

**IT IS SO ORDERED.**

Dated: May 22, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[12] Ottawa's briefing appears to conflate an insurer's duty to provide a defense and its duty to pay defense costs. *Compare, e.g.*, Doc. 62 at 2 ("[T]he only question currently pending before the Court is whether Great American has a legal obligation to provide its insured, Ottawa, a defense."), *with id.* (explaining that the remaining issue is "liability for defense costs" (emphasis omitted)). And as Great American points out, the policy here is not a duty-to-defend policy. *See* Doc. 1-1 ("It shall be the duty of the **Insured** and not the duty of the **Insurer** to defend **Claims**."). Nevertheless, the Court understands Ottawa to argue that prejudice would come from Great American's failure to pay defense costs (whether advanced or reimbursed later), rather than its failure to step in and defend against the action. This view is consistent with the pretrial order and the summary-judgment order. *See* Doc. 47; Doc. 55.